IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREATWIDE AMERICAN TRANS FREIGHT, LLC,**<br>        Plaintiff,<br><br>    v.<br><br>**PARKS LOGISTICS, LLC; RUSSELL PARKS; and SUNTECK TRANSPORT GROUP, INC.,**<br>        Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-6482 |

## MEMORANDUM OPINION

Plaintiff Greatwide American Trans Freight, LLC ("Greatwide") filed suit in the Court of Common Pleas of Bucks County, Pennsylvania. Defendant Suntek Transport Group, Inc. ("Suntek") timely removed the action to this Court. Suntek stated in its Notice of Removal that the remaining defendants (the "Parks" defendants) consented to the removal. ECF No. 1 at 6-7 ¶ 17. The Parks defendants, however, did not join in the Notice of Removal or otherwise expressly communicate their consent to removal to this Court within thirty days after its receipt of the complaint as required by 28 U.S.C. § 1446(b). After the passage of the thirty-day period, Greatwide filed a motion to remand. In response, the Parks defendants filed a Notice of Consent, seeking to consent retroactively to the removal. Greatwide's Motion to Remand this case was premised, *inter alia*, on Suntek's failure to obtain the consent of the Parks defendants within the thirty-day limit. For the reasons discussed below, this case will be remanded.

The ability to remove a case to federal court is granted by statute, and the statutory procedures must be followed. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *Morganti v. Armstrong Blum Mfg. Co.*, No. 00-6343, 2001 WL 283135, at *1 (E.D. Pa. March 19, 2001). The removal statutes "are to be strictly construed against removal and all doubts should be

resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)).

A defendant seeking to remove a case to federal court must file a notice of removal within thirty days of its receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b)(1).  In cases involving multiple defendants, all defendants must consent unanimously to the removal.  *Lewis*, 757 F.2d at 68; *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994). ("The unanimity requirement advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand.").

Each defendant's consent must be made affirmatively, on the record, within the thirty-day period provided for removal.  *Green v. Target Stores, Inc.*, 305 F. Supp.2d 448, 450 (E.D. Pa. 2004); *Ogletree*, 851 F. Supp. at 186-87.  It is not sufficient that the moving defendant merely represent in its motion that the other defendants consent to the removal.  Each defendant must affirmatively express its consent through joinder in the motion or by filing a notice of consent. *Green*, 305 F. Supp.2d at 450; *Morganti,* 2001 WL 283135, at *2; *Southwick v. Yale Materials Handling Corp. & Ind. Trucks, Inc.*, No. 97-383, 1997 WL 381771, at *1 (E.D. Pa. June 27, 1997); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995).  A notice of consent filed after the thirty-day period has expired does not suffice to meet the unanimity requirement.  *Green*, 305 F. Supp.2d at 448, 449-51; *Morganti* 2001 WL 283135, at *3; *Ogletree*, 851 F. Supp. at 190; *Collins v. American Red Cross,* 724 F. Supp. 353, 358-59 (E.D. Pa. 1989); *see Lewis v. Consol. Freightways Corp. of Delaware*, No. 04-6102, 2005 WL 503317, at *2 (E.D. Pa. Feb. 28, 2005) ("all defendants must unanimously join or consent . . . through a

timely-filed, express written indication of consent"); *Landman*, 896 F. Supp. at 408 ("*each* defendant must communicate his consent to the court. . . within the thirty-day period") (quoting *Felhauer v. City of Geneva*, 673 F. Supp.1445, 1447 (N.D. Ill. 1987)) (emphasis in original).[1]

Accordingly, due to Suntek's failure to comply with the procedural requirements of removal, the case will be remanded to the Court of Common Pleas of Bucks County Pennsylvania.

Date:  February 4, 2015                                BY THE COURT:


                                                       /s/ Wendy Beetlestone
                                                       _____
                                                       **WENDY BEETLESTONE, J.**

---

[1] Suntek seeks to rely on *Platton v. Kraftmaid Cabinetry*, No. 03-3304, 2004 WL 350448, at *2-3 (E.D. Pa. Feb. 24, 2004), in which the court did allow a co-defendant to consent retroactively to removal after the passage of the thirty-day period. *Platton* is inconsistent with cited opinions and it has not been followed. Moreover, the *Platton* court relied for its ruling on *Miller v. Principal Life Ins. Co.*, 189 F. Supp.2d 254, 257-58 (E.D. Pa. 2002), in which the court based its decision on one of the recognized exceptions to the unanimity requirement applicable to nominal defendants, such as stakeholders. *Miller*, 189 F. Supp.2d at 256.  Suntek is not a nominal defendant, and it does not argue otherwise.  Greatwide has asserted claims directly against it for tortious interference and civil conspiracy.